PUTNAM LAND & DEVELOPMENT CO. v. ELSER.

(Court of Civil Appeals of Texas. Ft. Worth. June 14, 1913. Rehearing Denied July 5, 1913.)

1. BROKERS (§ 85*) — EMPLOYMENT — TERMINATION—EVIDENCE.

Where, in a suit for broker's services in selling lots in a town plat, the evidence showed many sales during 1910, and defendant claimed that it had elected to terminate plaintiff's employment under the contract, because he had failed to diligently prosecute the sale of the lots as required, evidence of defendant's president that some time during the summer of 1910 either the witness himself or B., at the witness' direction, informed plaintiff that his contract was at an end was admissible.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. § 85.*]

2. DEPOSITIONS (§ 111*)—OBJECTIONS TO EVIDENCE—WAIVER.

The statutory provision that objections to depositions going to the manner and form of taking, not made by motion to suppress prior to the trial, are waived cannot be invoked against one who is offering the evidence.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 329–338; Dec. Dig. § 111.*]

3. BROKERS (§ 44*) — CONTRACT — TERMINATION—NOTICE.

Where a broker's contract of employment stipulated that, if he should fail to diligently, industriously, and continuously prosecute the sale of the lots in question, the contract should

be void at defendant's objection, it was necessary, in order to take advantage of the objection, for defendant to give notice thereof to plaintiff.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 45; Dec. Dig. § 44.*]

4. EVIDENCE (§ 471*)—OPINION.

In an action for broker's services, testimony for defendant that plaintiff did not carry out his contract was inadmissible as opinion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149-2185; Dec. Dig. § 471.*]

Appeal from District Court, Callahan County; Thos. L. Blanton, Judge.

Action by Max Elser against the Putnam Land & Development Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

F. S. Bell and Otis Bowyer, both of Baird, and B. L. Russell, of Plainview, for appellant. J. J. Butts, of Cisco, and J. Rupert Jackson, of Baird, for appellee.

DUNKLIN, J. The Putnam Land & Development Company has appealed from a judgment in favor of Max Elser for real estate commissions, alleged to be due him by the company. The suit by Elser was upon a written contract, proven upon the trial, by the terms of which the defendant company employed plaintiff as its exclusive agent to sell certain lots and blocks of land in the town of Putnam, and agreed to pay him a certain per cent, realized from all sales by whomsoever made during the life of the contract. The contract contained a stipulation that, if Elser should fail "to diligently, industriously, and continuously push and prosecute the sale of said lots as herein provided, then this contract shall be void at the option of said company."

[1] As a special defense to the suit, defendant alleged that, after the execution of the contract, plaintiff breached his obligation contained in the stipulation just quoted by devoting all his time and energies to other business, and that, after such abandonment of his undertaking, defendant exercised its option to terminate the contract, and so notified plaintiff. After introducing evidence in support of this allegation of the abandonment of the contract, defendant offered the following interrogatory, propounded to W. D. Carter, its president, together with his answer thereto; the question and answer appearing in the deposition on file: "Q. State if the defendant did or did not exercise its option under said contract, and if so, how and when was such done. State fully. A. I am not certain I told plaintiff or had J. Y. Burke to tell him that our contract with him was at an end; this was some time in the summer of 1910. I cannot say what month." The objection to the question and answer reads: "We object to what he told J. Y. Burke without having made a preliminary motion to quash said deposition; this being the first term of court, and the deposition having been on file for more than a month." This objection was sustained, and the question and answer excluded. The evidence showed many sales of lots during the year 1910. The dates of some of these sales appear in the statement of facts, while the dates of other sales are not given. Evidently, under the court's charge, plaintiff was allowed commissions on all of these sales. The evidence so excluded should have been admitted, as in view of other circumstances the jury might have found that the defendant did exercise its option to terminate the contract, and that some of the sales at least were made thereafter.

[2] We can understand how the statute, which requires objection to depositions going to the manner and form of taking shall be made by motion prior to the trial, under certain circumstances, will destroy an objection not made in compliance with its requirements; but we are unable to perceive how this statute can be invoked against one who is offering the evidence. For this error, the judgment must be reversed.

[3] In view of another trial, we will say that we think the court was correct in instructing the jury that, in order for the defendant to effectually exercise its option to terminate the contract, it was necessary to so notify the plaintiff. This conclusion necessarily requires that the first and second assignments of error should be overruled; those assignments being predicated upon the refusal of instructions that, if the plaintiff failed to prosecute the sale of the lots in accordance with his obligation, such failure would ipso facto forfeit his rights under the contract, even though the defendant did not exercise its option to forfeit the contract in accordance with the stipulations therein contained.

The two instruments signed by the president and directors of the company of date June 27th and set out in the fourth assignment of error in which they were properly admitted, as the same tended to refute the contention made by the defendant that at that time the defendant had already exercised its option to terminate the contract, and had so notified the plaintiff.

[4] There was no error in excluding the testimony of B. L. Russell and W. D. Carter, in effect, that the plaintiff did not carry out his contract, as such testimony was clearly the opinions of the witnesses upon an issue which was exclusively for the determination of the jury from all the facts and circumstances in evidence, some of which tended to show that the plaintiff did perform the obligation required of him by the terms of the contract.

For the error indicated, the judgment is reversed, and the cause remanded.